IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 20-cv-00435-PAB-MEH

JABARI J. JOHNSON,

    Plaintiff,

v.

STEPHANIE DALTON,

    Defendant.

## ORDER

This matter is before the Court on the Recommendation of United States Magistrate Judge (the "recommendation") [Docket No. 105] filed on October 2, 2020. The recommendation addresses plaintiff Jabari J. Johnson's complaint, Docket No. 1, and recommends granting defendant Stephanie Dalton's motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Docket No. 67. Plaintiff filed written objections to the recommendation in a filing titled "Motion of Plaintiff Responding to Motion 105." Docket No. 108. Because plaintiff is *pro se*, the Court construes his filings liberally without serving as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## I. BACKGROUND[1]

Plaintiff is an inmate incarcerated at the Colorado State Penitentiary ("CSP") in Cañon City, Colorado. Docket No. 1 at 2. Plaintiff alleges that, from August 21, 2018 to December 10, 2018, "HSA Ryder May refused the Plaintiff . . . a wheelchair" after other individuals assaulted plaintiff. *Id.* at 4. Then, from December 21, 2018 to June 24, 2019, plaintiff was provided a wheelchair at CSP for cell use. *Id.* At Sterling Correctional Facility ("SCF"), plaintiff was provided a wheelchair for cell use from June 24, 2019 to July 16, 2019. *Id.* However, "Valanos, Khaler, Booth & Cathi Herrera" took plaintiff's wheelchair on direction from Ryder May ("May"), and, from July 16, 2019 to August 6, 2019, May deprived plaintiff of his wheelchair and "deprived [him] of rec, shower, wheelchair for cell use and daily living." *Id.* at 4–5.

Later, from August 6, 2019 to October 18, 2019, plaintiff was given a wheelchair for cell use and daily living and an ADA shower at CSP. *Id.* at 5. However, on October 18, 2019, when plaintiff was transported to SCF, he was "attacked" by staff members and, upon returning to CSP, he was not provided a wheelchair, but was made to "scoot on the floor" from November 5, 2019 to November 8, 2019. *Id.* On November 8, 2019, plaintiff "held his tray in order to speak to a [lieutenant] or captain about . . . not having his wheelchair." *Id.* Plaintiff spoke with "LT Pruitt" ("Pruitt") and showed Pruitt his "medical slip[,] which is from HSA Stephanie Dalton," "stating item wheelchair, expiration date none." *Id.* Plaintiff was then "given his wheelchair by Pruitt" on

---

[1] The Court assumes that the allegations in plaintiff's complaint are true in considering the motion to dismiss. *Brown v. Montoya*, 662 F.3d 1152, 1162 (10th Cir. 2011).

November 8, 2019; however, from November 15, 2019 to November 19, 2019, staff "harassed the Plaintiff searching the Plaintiff's wheelchair 3 times a day." *Id.* On November 19, 2019, Daniel Barbero and defendant "took the Plaintiff's wheelchair[,] stating he don't get it." *Id.*

While plaintiff was given his wheelchair "for court in Lincoln County" on November 22, 2019, upon arriving back at CSP, his wheelchair was taken from him again. *Id.* at 6. On December 4, 2019, plaintiff was removed from his ADA shower cell and "knowingly and intentionally" placed in a non-ADA cell. *Id.* As such, plaintiff has not been able to shower and has been deprived of his "ADA accomodations [sic] of wheelchair and shower chair" from December 4, 2019 to the date that plaintiff filed his complaint. *Id.* Plaintiff alleges that he has developed open sores on his body. *Id.*

Plaintiff asserts one claim against defendant, in her individual and official capacities, under 28 U.S.C. § 1983 for violation of his Eighth Amendment rights. *Id.* at 2–4. He requests compensatory and punitive damages along with injunctive relief. *Id.* at 7.

Defendant raises two grounds for dismissal. Docket No. 67 at 2–3. First, defendant insists that plaintiff is barred from seeking monetary relief against defendant in her official capacity under the Eleventh Amendment. *Id.* at 2. Second, defendant argues that plaintiff has failed to state a claim for relief because plaintiff does not allege defendant's personal participation in any conduct that violated plaintiff's constitutional rights and, further, plaintiff has failed to allege facts that could satisfy the essential elements of a claim for deliberate indifference. *Id.* at 2–3. As a result, defendant states

3

that she is shielded from liability because of qualified immunity. *Id.* at 3.

Magistrate Judge Hegarty recommends defendant's motion to dismiss be granted. Docket No. 105 at 1. Plaintiff objected to the recommendation on October 16, 2020. Docket No. 108. Defendant responded to plaintiff's objections on November 2, 2020. Docket No. 112. The Court construes Docket No. 69, filed on November 19, 2020 in Case No. 20-cv-00434, to be plaintiff's reply in this matter. Docket No. 128.

## II. LEGAL STANDARD

The Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). An objection is "proper" if it is both timely and specific. *United States v. One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996). A specific objection "enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *Id.*

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). The Court therefore reviews the non-objected to portions of the recommendation to confirm that there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b), Advisory Committee Notes. This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed.

R. Civ. P. 72(a), which in turn is less than a de novo review. Fed. R. Civ. P. 72(b). Because plaintiff is proceeding *pro se*, the Court will construe his objections and pleadings liberally without serving as his advocate. *See Hall*, 935 F.2d at 1110.

### A. Lack of Subject Matter Jurisdiction

Dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) is appropriate if the Court lacks subject matter jurisdiction over claims for relief asserted in the complaint. Rule 12(b)(1) challenges are generally presented in one of two forms: "[t]he moving party may (1) facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or (2) go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests." *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1074 (10th Cir. 2004) (quoting *Maestas v. Lujan*, 351 F.3d 1001, 1013 (10th Cir. 2003)). When resolving a facial attack on the allegations of subject matter jurisdiction, the Court "must accept the allegations in the complaint as true." *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). To the extent a defendant attacks the factual basis for subject matter jurisdiction, the Court "may not presume the truthfulness of the factual allegations in the complaint, but may consider evidence to resolve disputed jurisdictional facts." *SK Finance SA v. La Plata County*, 126 F.3d 1272, 1275 (10th Cir. 1997). "Reference to evidence outside the pleadings does not convert the motion to dismiss into a motion for summary judgment in such circumstances." *Id.* Ultimately, and in either case, plaintiff has "[t]he burden of establishing subject matter jurisdiction" because she is "the party asserting jurisdiction." *Port City Props. v. Union Pac. R.R.*

*Co.*, 518 F.3d 1186, 1189 (10th Cir. 2008).

### B. Failure to State a Claim

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must allege enough factual matter that, taken as true, makes the plaintiff's "claim to relief . . . plausible on its face." *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The 'plausibility' standard requires that relief must plausibly follow from the facts alleged, not that the facts themselves be plausible." *RE/MAX, LLC v. Quicken Loans Inc.*, 295 F. Supp. 3d 1163, 1168 (D. Colo. 2018) (citing *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008)). Generally, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555) (alterations omitted). However, a plaintiff still must provide "supporting factual averments" with his allegations. *Cory v. Allstate Insurance*, 584 F.3d 1240, 1244 (10th Cir. 2009) ("[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." (citation omitted)); *see also Moffet v. Halliburton Energy Servs., Inc.*, 291 F.3d 1227, 1231 (10th Cir. 2002) (stating that a court "need not accept [] conclusory allegations"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quotations and alterations omitted); *see also Khalik*, 671 F.3d at 1190 ("A plaintiff must nudge [his]

claims across the line from conceivable to plausible in order to survive a motion to dismiss." (quoting *Twombly*, 550 U.S. at 570)). If a complaint's allegations are "so general that they encompass a wide swath of conduct, much of it innocent," then plaintiff has not stated a plausible claim. *Khalik*, 671 F.3d at 1191 (quotations omitted). Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson*, 534 F.3d at 1286 (alterations omitted).

### III. ANALYSIS

#### A. Lack of Subject Matter Jurisdiction – Sovereign Immunity

Magistrate Judge Hegarty recommends that plaintiff's claim for damages against defendant in her official capacity be dismissed. Docket No. 105 at 7. Specifically, the magistrate judge concluded that plaintiff seeks $500,000 in punitive and $750,000 in compensatory damages from defendant and is suing defendant in both her official and individual capacities. *Id.* (citing Docket No. 1 at 2, 25). However, because defendant is a state official, the Court must treat a suit against defendant in her official capacity as a suit against the state itself. Docket No. 105 at 7 (citing *Hafer v. Melo*, 502 U.S. 21, 25 (1991) ("Suits against state officials in their official capacity . . . should be treated as suits against the State.")). The recommendation explains that, because the Eleventh Amendment provides the state immunity from such suits, it also provides defendant immunity, and the Court therefore lacks subject matter jurisdiction against defendant in her official capacity. *Id.* (citing *Fent v. Okla. Water Res. Bd.*, 235 F.3d 553, 559 (10th

Cir. 2000) (Eleventh Amendment "immunity constitutes a bar to the exercise of federal subject matter jurisdiction.")). Indeed, "when an action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit even though individual officials are nominal defendants." *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 277 (1977). As such, the magistrate judge recommends that the motion to dismiss be granted with respect to the damages claim against defendant in her official capacity. Docket No. 105 at 7.

In response to the recommendation, plaintiff states that he has "established and proven jurisdiction under Rule 12(b)(1), in which the courts accept the plaintiffs [sic] complaint as truthful under factual allegations" and that he has provided declarations in support of his arguments. Docket No. 108 at 3. Plaintiff also states that, as discussed below, the magistrate judge found that plaintiff satisfied the burden of proving the objective component of his deliberate indifference claim and, therefore, his allegations are not conclusory. *Id.* at 3. Plaintiff explains that he does not seek monetary damages for his "suit in [defendant's] official capacity," but rather requests "injunctive relief regarding a wheelchair request to be provided." *Id.* at 7. "Yet," plaintiff argues, he "is seeking monetary relief of damages in the defendant's individual capacity as the Federal Rules of Civil Procedure allow." *Id.*

Plaintiff's objections do not contradict the magistrate judge's conclusion that subject matter jurisdiction must be determined "from the allegations of fact in the complaint, without regard to mere [conclusory] allegations of jurisdiction," Docket No. 105 at 3 (quoting *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971)), or facts

submitted outside the complaint. *Id.* at 10. *See Erikson v. BP Expl. & Prod. Inc.*, 567 F. App'x 637, 639 (10th Cir. 2014) (holding that the district court did not err in "failing to consider the materials" that a pro se litigant "attached to his response in opposition" to a motion to dismiss). Furthermore, the affidavits that plaintiff has provided do not establish jurisdiction, as plaintiff's complaint still demands damages in an official-capacity suit.

Plaintiff's more substantive objection – that a plaintiff, in one suit, may seek an injunction for official-capacity claims and damages for individual-capacity claims – also does not contradict the magistrate judge's conclusion that the Court does not have subject matter jurisdiction to consider plaintiff's official-capacity claims for damages.

The Court has reviewed the non-objected portions of the recommendation to satisfy itself that there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b), Advisory Committee Notes. Based on this review, the Court concludes that this portion of the recommendation is a correct application of the facts and the law. Therefore, because plaintiff has not objected to the magistrate judge's conclusion that the Court does not have subject matter jurisdiction to consider official-capacity damages claims, the Court accepts the magistrate judge's recommendation that plaintiff's official-capacity damages claims be dismissed.

### B. Failure to State a Claim – Qualified Immunity

The magistrate judge recommends granting defendant's motion because plaintiff has not sufficiently alleged a constitutional violation and, therefore, defendant is entitled to qualified immunity. Docket No. 105 at 12. The magistrate judge concluded that qualified immunity protects from litigation a public official whose possible violation of a

plaintiff's civil rights was not clearly a violation at the time of the official's actions. Docket No. 105 at 7 (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). To overcome qualified immunity, a plaintiff must show that "(1) a reasonable jury could find facts supporting a violation of a constitutional right, which (2) was clearly established at the time of defendant's conduct." *Id.* at 7–8 (quoting *Estate of Smart by Smart v. City of Wichita*, 951 F.3d 1161, 1169 (10th Cir. 2020)). Because plaintiff complained that defendant violated his Eighth Amendment right against cruel and unsusal punishment when she took away his wheelchair, the magistrate judge analyzed both the objective and subjective components of plaintiff's deliberate indifference claim, as deliberate indifference "to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). To establish deliberate indifference, a plaintiff must show that "the harm suffered is sufficiently serious to implicate the Cruel and Unusual Punishment Clause." *Callahan v. Poppell*, 471 F.3d 1155, 1159 (10th Cir. 2006). This is the objective component.[2] A plaintiff must also show that the defendant "knew [that the plaintiff] faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it." *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999). This is the subjective

---

[2] The magistrate judge found that plaintiff met his burden as to the objective component and that plaintiff had established a link between defendant and his alleged constitutional deprivation. Docket No. 105 at 8, 10. Plaintiff did not object to this portion of the recommendation, and the Court finds "no clear error in the face of the record." Fed. R. Civ. P. 72(b), Advisory Committee Notes. Based on this review, the Court has concluded that this portion of the recommendation is a correct application of the facts and the law.

component.

The magistrate judge determined that plaintiff's allegations "do not evince a conscious disregard of risk to Plaintiff's health." Docket No. 105 at 11. The magistrate judge concluded, therefore, that plaintiff "has not plausibly pleaded the subjective component of a deliberate indifference claim." *Id.* at 12. According to the magistrate judge, plaintiff alleged that defendant "(1) . . . gave a medical slip to Pruitt, (2) took Plaintiff's wheelchair on November 19, 2019, and (3) knowingly and intentionally deprive[d] . . . Plaintiff of care, and (4) knowingly and intentionally imede [sic] upon Plaintiff[']s access to the courts." *Id.* (citing Docket No. 1 at 5–7). Plaintiff's allegations that defendant "knowingly and intentionally" deprived care are conclusory allegations that the Court need not accept as true. *Id.* (citing *Iqbal*, 556 U.S. at 678). Therefore, the magistrate judge concluded, "the Court could possibly find negligent action, but that is insufficient to establish a claim." *Id.* at 12 (citing *Van Riper v. Wexford Health Sources, Inc.*, 67 F. App'x 501, 504 (10th Cir. 2003) ("An inadvertent failure to provide adequate medical care does not rise to the level of an unnecessary and wanton infliction of pain.")).

Plaintiff reiterates that defendant knew of the substantial risk and yet failed to take reasonable measures to "abate" it. Docket No. 108 at 7. In support, plaintiff explains that, because defendant "prescribed the wheelchair as permanent with an expiration date of none," she knew of the risks to plaintiff, yet she took away the wheelchair before plaintiff could see a doctor. Docket No. 108 at 7. Plaintiff further states that defendant took his wheelchair "in retaliation," which "violates the subjective

component of the 8th Amendment." *Id.*[3] Defendant responds that plaintiff has failed to establish "Ms. Dalton's subjective knowledge regarding Mr. Johnson's need for a wheelchair, or his medical condition generally, when she allegedly took his wheelchair," or "that she consciously disregarded [his needs] by taking the wheelchair." Docket No. 112 at 2.

The Court finds that, contrary to her argument, defendant was clearly aware of plaintiff's need for a wheelchair, as she prescribed the wheelchair, and, when she took it away, she disregarded this need. Defendant does not argue that this is a mere disagreement over whether a wheelchair was the correct treatment for plaintiff's disability or that taking the wheelchair away was justified. *See, e.g.*, *Djonne v. Holst*, No. 08-cv-01146-LTB-KLM, 2009 WL 1765687, at *3 (D. Colo. June 22, 2009). Nor did prison medical personnel determine that a wheelchair was not needed or would cause more harm than good. *See, e.g.*, *Callahan*, 471 F.3d at 1157. Plaintiff states that, without a wheelchair, he has been forced to "scoot" and "crawl on his butt" around his cell, has not been able to use his accessible shower, and has developed "open sores"

---

[3] Plaintiff argues that taking away his wheelchair "depriv[ed] [him] of attorney and legal visits, as Stephanie Dalton knowingly and intentionally imede [sic] upon [his] access to the courts." Docket No. 1 at 7. Defendant sought dismissal of any claim that could be construed as a First Amendment violation. Docket No. 67 at 2. The magistrate judge determined, however, that the Court "cannot take on the responsibility of serving as the litigant's attorney in constructing arguments." Docket No. 105 at 5–6 n.2 (quoting *Lucero v. Koncilja*, 781 F. App'x 786, 788 (10th Cir. 2019)). Therefore, because plaintiff did not address a First Amendment claim in response to the motion to dismiss, the magistrate judge construed plaintiff's silence as indicating that he is not pursuing a First Amendment claim. *Id.* Plaintiff did not object to this portion of the recommendation, and the Court finds "no clear error in the face of the record." Fed. R. Civ. P. 72(b), Advisory Committee Notes. Based on this review, the Court has concluded that this portion of the recommendation is a correct application of the facts and the law.

on his "chest, back, stomach, arms[,] and shoulders." Docket No. 1 at 6. Defendant knew about plaintiff's need for a wheelchair and presumably took his general medical condition into account when she prescribed it. Further, because it was defendant who both prescribed and took away the wheelchair, she knew of and yet disregarded the risks to plaintiff's health and safety by forcing him to make due without it. Plaintiff has not, therefore, stated a claim for mere negligence, but rather has plausibly alleged that defendant intentionally disregarded a risk that she was aware of.

However, plaintiff alleges that he developed these sores after his wheelchair was taken from him on previous occasions. *Id.* at 5. Further, plaintiff alleges that defendant took away his wheelchair on November 19, 2019 but that his wheelchair was returned to him on November 22, 2019. *Id.* at 5–6. Plaintiff has not alleged that being without a wheelchair from November 19 to 22 or having it taken away without a doctor's visit rises to the level of "unnecessary and wanton infliction of pain," Docket No. 105 at 12 (quoting *Van Riper*, 67 F. App'x at 503), or that defendant caused his injuries. He has not, therefore, alleged that defendant's confiscation of his wheelchair for that period violated the Eighth Amendment, and the Court will accordingly overrule his objection.

### C. Leave to Amend

The general rule in this circuit is that, if "it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend." *Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990). This is particularly true where "deficiencies in a complaint are attributable to oversights likely the result of an untutored pro se litigant's

ignorance of special pleading requirements." *Id.*  However, "[c]omplaints drafted by pro se litigants . . . are not insulated from the rule that dismissal with prejudice is proper for failure to state a claim when 'it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him the opportunity to amend.'"  *Fleming v. Coulter*, 573 F. App'x 765, 769 (10th Cir. 2014) (quoting *Perkins v. Kan. Dep't of Corre.*, 165 F.3d 803, 806 (10th Cir. 1999)).

The magistrate judge recommends dismissal with prejudice – that is, without leave to amend – because the deficiencies in plaintiff's complaint are not due to his being an "untutored" litigant; rather, plaintiff states that he is "well educated [and] experienced."  Docket No. 105 at 13 (citing Docket Nos. 28 at 1, 44 at 1, 96 at 1).  The magistrate judge also explains that, from August 2017 to January 2020, plaintiff has filed forty complaints in this district, indicating that he is familiar with how to plead an Eighth Amendment claim.  *Id.*  Plaintiff's deficiencies, therefore, are not attributable to ignorance of special pleading requirements, and the magistrate judge recommends dismissal on the merits.  *Id.* (citing *Stubblefield v. Henson*, 989 F.2d 508, 1993 WL 55936, at *2 (10th Cir. 1993)).

Plaintiff explains that he has "no need to amend his complaint, yet has the right to file a supplemental complaint" that includes additional violations that have occurred since filing his complaint in this matter.  Docket No. 108 at 9.  This response is not an objection to the magistrate judge's recommendation.  The Court has reviewed the non-objected to portions of the recommendation to satisfy itself that there is "no clear error on the face of the record."  Fed. R. Civ. P. 72(b), Advisory Committee Notes.  Based on this review, the Court has concluded that this portion of the recommendation is a

14

correct application of the facts and the law, and the Court will dismiss plaintiff's claims with prejudice.

## IV. CONCLUSION

It is therefore

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket 105] is **ACCEPTED**. It is further

**ORDERED** that the Motion of Plaintiff Responding to Motion 105 [Docket No. 108] is **OVERRULED**. It is further

**ORDERED** that the Defendant's Motion to Dismiss [Docket No. 67] is **GRANTED**. It is further

**ORDERED** that the plaintiff's claims are **DISMISSED** with prejudice. It is further

**ORDERED** that the case is closed.

DATED January 4, 2021.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge