IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 20-cv-00435-PAB-MEH

JABARI J. JOHNSON,

    Plaintiff,

v.

STEPHANIE DALTON,

    Defendant.

## ORDER

This matter is before the Court on plaintiff's Motion Requesting Leave to File Amended/ Supplemental Complaint Under Rule 15 [Docket No. 132] and plaintiff's Motion Requesting to Remedy Summary Judgment Under the Jaxon Rule [Docket No. 136]. The Court dismissed this case on January 4, 2021, Docket Nos. 131, 134, and judgment has entered. Docket No. 133, 135.

In plaintiff's motion to amend or supplement his complaint, he seeks to "add additional claims of deliberate indifference, American [sic] with Disability Act, Equal Protection Clause, Due Process, and Retaliation for Speech." Docket No. 132 at 1. Plaintiff retains his official- and individual-capacity claims against defendant, *id.* at 4, but also seeks to add individual-capacity claims against 40 new defendants. *Id.* at 5–6. Given that plaintiff was presumably unaware that the case was dismissed on January 4, 2021, the Court considers whether plaintiff's proposed amended complaint would cure the deficiencies identified in defendant's motion to dismiss, Docket No. 67, or in the

magistrate judge's recommendation, Docket No. 105, which the Court accepted. Docket No. 134 at 15.  Plaintiff's proposed complaint does not overcome defendant's sovereign immunity from official-capacity claims for damages; nor does the proposed complaint show that defendant violated the Eighth Amendment in removing plaintiff's wheelchair.  Therefore, the Court will not reconsider its order dismissing plaintiff's claims and will deny plaintiff's motion to amend or supplement the complaint on the merits and as moot.

Plaintiff's second motion is similar.  He seeks to "remedy the defect within plaintiff's summary judgement . . . supporting factual positions of Rule 56 summary judgement" and to "remedy the defendant[']s summary judgement."  Docket No. 136 at 1.  In support, plaintiff cites *Jaxon v. Circle K Corp.*, 773 F.2d 1138 (10th Cir. 1985), and *Howell v. N.M. Dep't of Aging & Long Term Servs.*, 398 F. App'x 355 (10th Cir. 2010).  In *Jaxon*, the Tenth Circuit held that the district court erred in not giving Jaxon an opportunity to remedy the defects in his summary judgment materials because "*pro se* litigants require careful protection where highly technical requirements are involved." *Jaxon*, 773 F.2d at 1140.  *Jaxon*, however, is inapposite.  First, unlike in *Jaxon*, this matter is not before the Court on summary judgment.  Second, the magistrate judge recommended – and the Court granted – dismissal, not because plaintiff's deficiencies were attributable to ignorance of special pleading requirements, as in *Jaxon*, but rather on the merits.  Third, the magistrate judge and the Court construed plaintiff's filings liberally, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), and plaintiff previously stated he had no need to amend his complaint. Docket No. 108 at 9.  *Howell* is even

less helpful to plaintiff.  *Howell* was also before the court on summary judgment, and the court held that Howell "clearly knew" how to proceed yet "did not attempt to supplement" her pleadings or "otherwise remedy the problems," even though she had over two months to do so after defendant's reply.  *Howell*, 398 F. App'x at 359 n.3.  Howell, the Tenth Circuit held, was bound to "follow the same rules of procedure that govern other litigants," *id.* (quoting *Hall v. Witteman*, 584 F.3d 859, 864 (10th Cir. 2009)).  So is plaintiff in this case.

For the foregoing reasons, it is

**ORDERED** that plaintiff's Motion Requesting Leave to File Amended/ Supplemental Complaint Under Rule 15 [Docket No. 132] is **DENIED**.  It is further

**ORDERED** that plaintiff's Motion Requesting to Remedy Summary Judgment Under the Jaxon Rule [Docket No. 136] is **DENIED**.

DATED January 8, 2021.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge
