IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 20-cv-00435-PAB-MEH

JABARI J. JOHNSON,

    Plaintiff,

v.

STEPHANIE DALTON,

    Defendant.

## ORDER

This matter is before the Court on plaintiff's Motion Requesting Relief of Judgement Under Rule 60 Due to Newly Discovered Evidence and Fraud by the Defendants [Docket No. 154]. The Court dismissed this case on January 4, 2021, Docket Nos. 131, 134, and judgment has entered. Docket Nos. 133, 135.

Relief after judgment is discretionary and only appropriate for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Because such relief is "extraordinary and may only be granted in exceptional circumstances," *Servants of the*

*Paraclete v. John Does*, 204 F.3d 1005, 1009 (10th Cir. 2000), parties seeking relief under Rule 60(b) have a high hurdle to overcome; a Rule 60(b) motion should not be treated as a substitute for an appeal. *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1289 (10th Cir. 2005). Rule 60(b)(6) has been described as a "grand reservoir of equitable power to do justice in a particular case." *Pierce v. Cook & Co., Inc.*, 518 F.2d 720, 722 (10th Cir. 1975) (en banc) (citation omitted). Relief under Rule 60(b)(6) is appropriate when circumstances are so "unusual or compelling" that extraordinary relief is warranted or when it "offends justice" to deny such relief. *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 580 (10th Cir. 1996). Courts have granted relief under Rule 60(b)(6) "when, after entry of judgment, events not contemplated by the moving party render enforcement of the judgment inequitable," where a party is indigent, or when it offends justice to deny such relief. *Id.* at 579; *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231–32 (10th Cir. 1999).

Plaintiff requests that his case be "reassigned due to newly discovered evidence" and states that he is not currently provided with a wheelchair that he is "medically mandated to have" by an ADA coordinator. Docket No. 154 at 1. He also states that he is deprived of showers and the ability to take a shower in an ADA shower cell. *Id.* Finally, plaintiff states that defendant has claimed that plaintiff "did not and does not have an ADA accommodation, yet such evidence provides that the plaintiff in fact does and is being denied." *Id.*

Plaintiff has not shown any basis for relief from judgment. While plaintiff cites to Federal Rule of Civil Procedure 60(b)(1)–(3), he identifies no mistake, neglect, new

evidence, fraud, or misrepresentation. Moreover, the Court considered plaintiff's arguments at least twice before, first in the context of the magistrate judge's recommendation regarding defendant's motion to dismiss, Docket No. 105, and plaintiff's objections to the recommendation, Docket Nos. 108, 128, and, second, in plaintiff's post-judgment motions. Docket No. 138, 139, 146. As the Court explained in both the order accepting the magistrate judge's recommendations and in the order denying plaintiff's post-judgment motions, the Court assumed that the allegations in plaintiff's complaint were true and therefore assumed that plaintiff was entitled to a wheelchair. *See* Docket No. 134 at 2 n.1; *id.* at 2; Docket No. 147 at 2. Plaintiff has therefore identified no "unusual or compelling" reason or "exceptional circumstance[]" for the Court to grant the relief that he requests. *See Cashner*, 98 F.3d at 580; *Servants of the Paraclete*, 204 F.3d at 1009. The Court will therefore deny plaintiff's motion.

For the foregoing reasons, it is

**ORDERED** that Motion Requesting Relief of Judgement Under Rule 60 Due to Newly Discovered Evidence and Fraud by the Defendants [Docket No. 154] is **DENIED**.

DATED June 2, 2021.

                                          BY THE COURT:

                                          PHILIP A. BRIMMER
                                          Chief United States District Judge