IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 20-cv-00435-PAB-MEH

JABARI J. JOHNSON,

    Plaintiff,

v.

STEPHANIE DALTON,

    Defendant.

## ORDER

This matter is before the Court on plaintiff's Motion Requesting Relief Under Rule 60 [Docket No. 156]. The Court dismissed this case on January 4, 2021, Docket Nos. 131, 134, and judgment has entered. Docket Nos. 133, 135. The Court denied an earlier motion filed under Federal Rule of Civil Procedure 60(b) in April 2021. Docket No. 155.

Relief after judgment is discretionary and only appropriate for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Because such relief is

"extraordinary and may only be granted in exceptional circumstances," *Servants of the Paraclete v. John Does*, 204 F.3d 1005, 1009 (10th Cir. 2000), parties seeking relief under Rule 60(b) have a high hurdle to overcome; a Rule 60(b) motion should not be treated as a substitute for an appeal. *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1289 (10th Cir. 2005). Rule 60(b)(6) has been described as a "grand reservoir of equitable power to do justice in a particular case." *Pierce v. Cook & Co., Inc.*, 518 F.2d 720, 722 (10th Cir. 1975) (en banc) (citation omitted). Relief under Rule 60(b)(6) is appropriate when circumstances are so "unusual or compelling" that extraordinary relief is warranted or when it "offends justice" to deny such relief. *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 580 (10th Cir. 1996). Courts have granted relief under Rule 60(b)(6) "when, after entry of judgment, events not contemplated by the moving party render enforcement of the judgment inequitable," where a party is indigent, or when it offends justice to deny such relief. *Id.* at 579; *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231–32 (10th Cir. 1999).

      Plaintiff raises three main issues in his motion that he claims entitle him to relief under Rule 60. Docket No. 156 at 1. First, plaintiff claims that he has been deprived of a wheelchair since November 2014 and an accessible shower since December 2019. *Id.* Second, plaintiff states that Donald Nunez, James Johnson, and Gonzalez stole his medical records on February 25, 2021, which prevented him from being able to prove that he needs a wheelchair. *Id.*[1] Third, plaintiff claims that he was again prescribed a wheelchair on August 11, 2021 but that Daniell Smith took the wheelchair from him and

---

[1] Plaintiff does not explain who these individuals are or whether they are employed by the Colorado Department of Corrections ("CDOC").

that defendant ignored plaintiff's reports on this issue.  *Id.*

The Court has already considered plaintiff's first argument multiple times, both in the context of the magistrate judge's recommendation regarding defendant's motion to dismiss, Docket No. 105, and plaintiff's objections to the recommendation, Docket Nos. 108, 128, and also in ruling on plaintiff's other post-judgment motions.  Docket No. 138, 139, 146, 154.  As explained previously, the Court assumed that the allegations in plaintiff's complaint were true and therefore also assumed that plaintiff was entitled to a wheelchair.  *See* Docket No. 134 at 2 n.1; *id.* at 2; Docket No. 147 at 2.  Therefore, plaintiff has not identified any grounds for relief enumerated in Rule 60(b) that would entitle him to relief on this issue.  *See Cashner*, 98 F.3d at 580; *Servants of the Paraclete*, 204 F.3d at 1009.

Second, the Court does not find grounds for relief in plaintiff's argument that his medical information was stolen in February 2021 and that the theft prevented him from proving that he needs a wheelchair.  As explained previously, the Court assumed that plaintiff's non-conclusory allegations, including that he is entitled to a wheelchair, are true.  *See* Docket No. 134 at 2 n.1; *id.* at 2; Docket No. 147 at 2.  Therefore, plaintiff did not need his medical records to prove that he was prescribed a wheelchair.  To the extent that this is a new allegation concerning the theft of his property by non-parties to this case, plaintiff may not raise the issue for the first time in a Rule 60 motion.  *See Servants of Paraclete*, 204 F.3d at 1012.

Third, plaintiff states that he was prescribed a wheelchair and an accessible shower on August 11, 2021 but that Daniell Smith took the accommodations away from

plaintiff on August 18, 2021 and that defendant ignored plaintiff's complaints, all in violation of the Americans with Disabilities Act. Docket No. 156 at 1. Plaintiff does not explain who Daniell Smith is or provide any information regarding the circumstances of the alleged removal of the accommodations. Moreover, as explained, the Court assumed that plaintiff was entitled to these accommodations and that they were taken away from him. *See, e.g.*, Docket No. 131 at 3. The Court finds that plaintiff has failed to show that he is entitled to the "extraordinary" and "exceptional" relief of Rule 60(b). *Lebahn v. Owens*, 813 F.3d 1300, 1306 (10th Cir. 2016). "Rule 60(b) relief is not properly granted where a party merely revisits the original issues and seeks to 'challenge the legal correctness of the district court's judgment by arguing that the district court misapplied the law or misunderstood [the party's] position.'" *Id.* (quoting *Van Skiver v. United States*, 952 F.2d 1244 (10th Cir. 1991)). Plaintiff has identified no "unusual or compelling" reason or "exceptional circumstance[]" for the Court to grant the relief that he requests. *See Cashner*, 98 F.3d at 580; *Servants of the Paraclete*, 204 F.3d at 1009. The Court will therefore deny plaintiff's motion.

For the foregoing reasons, it is

**ORDERED** that plaintiff's Motion Requesting Relief Under Rule 60 [Docket No. 156] is **DENIED**.

DATED October 13, 2021.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge